# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

CARL GRIER,

    Plaintiff,

v.

DAMON HININGER, et al.,

    Defendants.

CIVIL ACTION NO.: 5:18-cv-58

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action under 42 U.S.C. § 1983, alleging prison staff and officials were deliberately indifferent to his serious medical needs while he was housed at Coffee Correctional Facility in Nicholls, Georgia. Doc. 1 at 12–24. After the requisite frivolity review under 28 U.S.C. § 1915A, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Plaintiff, who is currently housed at Washington State Prison in Davisboro, Georgia, originally brought this action, under 42 U.S.C. § 1983, in the Northern District of Georgia. Doc. 1. That court transferred this case to the Southern District of Georgia on July 17, 2018. Doc. 6. While Plaintiff's case was pending in the Northern District of Georgia, he filed Case Number 5:18-cv-54 in this Court on July 2, 2018. Doc. 15. Upon review, the Court determined the complaints in these two cases were nearly identical. Id. at 2. Accordingly, the Court consolidated Case Number 5:18-cv-54 into Case Number 5:18-cv-58 and closed Case Number 5:18-cv-54. Id. at 4. The Court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 12.

Plaintiff's claims concern the medical care he received while incarcerated at Coffee Correctional Facility. Doc. 1. He brings these claims against a number of Defendants, including: prison doctors, nurses, pharmacists, medical staff, and administrators; Georgia Department of Corrections administrators; the Georgia Department of Corrections; Correct Care Solutions, Inc.; and the President and Chief Executive Officer of Correct Care Solutions, Inc. Id. at 7–11. Plaintiff asserts these claims against Defendants in their individual capacities. Id. at 11.

Plaintiff states he was diagnosed with a bone disease, Paget's disease, in 2002 or 2003. Id. Plaintiff states the effects of this disease cause him a great deal of pain. Id. at 12–24. Plaintiff has seen prison medical staff a number of times to raise concerns about his treatment. Id. In these visits, Plaintiff has requested x-rays, MRIs, CT scans, different medications, and referrals to a specialist. Id. Prison staff have diagnosed and treated Plaintiff during these visits, including prescribing Plaintiff certain medications. However, the staff have not referred Plaintiff to a specialist in Paget's disease, conducted all of the diagnostics Plaintiff has requested, or prescribed all of the medication Plaintiff contends he should be prescribed. Plaintiff maintains

the denial of his requests amounts to a policy of deliberate indifference to his serious medical needs. Id. at 12–16, 18–19, 21. Plaintiff also alleges the prison is frequently out of his prescribed medications, and at times, he goes months without a prescription refill. Id. at 16–17. Plaintiff asserts the collective actions of Defendants worsened his condition and symptoms. Id. Plaintiff seeks an injunction to compel the sought medical care and to prevent his transfer during the suit, as well as compensatory and punitive damages. Id. at 27.

**STANDARD OF REVIEW**

Plaintiff is bringing this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set

of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested

that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.    Plaintiff's Disagreements Over Medical Care**

The core of Plaintiff's claims concerns the denial of his requests for x-rays, MRIs, CT scans, different medications, and referrals to a specialist. Doc. 1 at 12–24. The United States Supreme Court has long recognized the government's obligation to provide medical care for inmates. Estelle v. Gamble, 429 U.S. 97, 103 (1976). After all, the "denial of medical care [to inmates] may result in pain and suffering which no one suggests would serve any penological purpose." Id. The government may not deliberately ignore or withhold minimally adequate medical care to those inmates stricken with serious medical needs. Id. at 103–04. In articulating this constitutional right to basic medical care, however, the Court in Estelle was careful to emphasize that not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. Rather, prisoners seeking to bring deliberate indifference claims in this context must show three things. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). First, the incarcerated individual must "satisfy the objective component by showing that she had a serious medical need." Id.; Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). Secondly, the inmate "must satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need." Goebert, 510 F.3d at 1326. Finally, like any other tort claim, the prisoner must demonstrate "that the injury was caused by the defendant's wrongful conduct." Id. Objectively, a medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the

5

necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). In the Eleventh Circuit, the subjective component requires that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). The subjective prong itself is fulfilled when the inmate "prove[s] three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence."[2] Goebert, 510 F.3d at 1327 (alteration in original). Mere disagreements about the course of medical care do not rise to the level of a constitutional violation. See Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989) (noting that "a simple difference in medical opinion" does not constitute deliberate indifference); see also Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (finding a doctor's failure to adopt plan of care prescribed by outside physician after exercising independent professional judgment did not support deliberate indifference); Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995) (holding a doctor's failure to administer a stronger course of treatment considered a matter of medical judgment not deliberate indifference).

Plaintiff has not alleged a plausible claim for deliberate indifference to a serious medical need against any Defendant. Plaintiff describes, in detail, the pain and suffering he has experienced due to his condition, and his frustration with the lack of elimination of his symptoms. Doc. 1 at 8 ("[I]t feels like my spinal cord is being constantly compressed; and it feels like I'm being squeezed tight down on my heart—it feels like I'm going to have a heart attack—my temperature go up. I get hot, and warmer, and weaker; redish spots and redish

---

[2] Eleventh Circuit case law on whether a claim of deliberate indifference requires "more than gross negligence" or "more than mere negligence" is inconsistent. Compare Goebert, 510 F.3d at 1327, with Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011). In Melton, the Eleventh Circuit directly addressed this discrepancy and found "more than mere negligence" to be the appropriate standard. Melton v. Abston, 841 F.3d 1207, 1223 n.2 (11th Cir. 2016). Accordingly, this Court will apply the "more than mere negligence" standard.

mark(s) come up on different parts of my body when my disease compress my spinal cord."[sic]); Id. at 16–17 (explaining that despite many complaints and grievances, the Coffee County Medical Staff, "has been unable to provide a course of treatment or specialist, examination, nor anything that relieves the compressions and disease symptoms"[sic]). For the purposes of this review, the Court assumes, without deciding, that Plaintiff has shown he had a serious medical need during the relevant time.

However, Plaintiff does not allege facts showing that any Defendant was deliberately indifferent to his serious medical need.[3] Plaintiff describes his numerous efforts to address his problems with prison medical staff, the various medical visits he has had, the various medications he has been prescribed. Indeed, Plaintiff describes a long history of prison medical staff responding to Plaintiff's complaints about his medical condition. Unquestionably, Plaintiff has been dissatisfied with the responses he has received and the lack of abatement of his symptoms. See, e.g., Doc. 1 at 15 ("Defendant Gilliard prescribed me Gemfibrozil 600 mg tablet—this was the wrong medication and it made my condition worse and severe and affected my acid reflux (disease)"). But Plaintiff's dissatisfaction and disagreement with his care does not demonstrate Defendants knew of and disregarded an excessive risk to Plaintiff's health and safety. Instead, Plaintiff has simply shown he disagrees with the course of treatment he has received, and differences of opinion about medical treatment do not constitute deliberate indifference. See Waldrop, 871 F.2d at 1033 (noting that "a simple difference in medical opinion" does not constitute deliberate indifference).

---

[3] Plaintiff makes several conclusory statements that Defendants acted with "deliberate indifference" but fails to allege facts to support those conclusions. Plaintiff's mere legal conclusions, lacking factual support, are to be disregarded. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (noting that when evaluating the sufficiency of a complaint, courts should "eliminate any allegations in the complaint that are merely legal conclusions," and citing Ashcroft v. Iqbal, 556 U.S. 662, 680 (2009)).

Plaintiff's assertions concerning prison pharmacy delays also fail to state a cognizable deliberate indifference claim. Plaintiff alleges the pharmacy failed to fill his prescriptions in a timely fashion. See, e.g., Doc. 1 at 16 ("[I]t's taking 3 weeks to a month to get refills[.]"). Even assuming Plaintiff had a serious medical need, Plaintiff fails to allege any facts showing that any Defendant—including the unnamed pharmacists identified in passing—knew of a risk of serious harm, disregarded that risk, or did so by conduct that is more than negligence. Indeed, Plaintiff provides no explanation for what medications were delayed or the circumstances of the delays. Accordingly, Plaintiff fails to allege any facts supporting the second prong of a deliberate indifference claim related to pharmacy delays, namely that any Defendant knowingly disregarded an excessive risk to Plaintiff's health and safety.

For these reasons, Plaintiff fails to state deliberate indifference claims against any named Defendants, and the Court should **DISMISS** those claims.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim

---

[4] A certificate of appealability is not required in this § 1983 action.

or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke, 490 U.S. at 327; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Preslicka, 314 F.3d at 531; see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety, **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and **CLOSE** this case, and **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United

States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 17th day of January, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA